## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      Case No. 07-Cr-109

DANIEL R. GIANNINI,

    Defendant.

## RECOMMENDATION TO THE HONORABLE RUDOLPH T. RANDA

On May 8, 2007, a federal grand jury sitting in this district returned a two-count indictment against defendant Daniel R. Giannini. The defendant is charged in Counts One and Two with knowingly devising and participating in a scheme to defraud his disability insurance insurer, Northwestern Mutual Life Insurance Company, using interstate wire communication in violation of 18 U.S.C. §§ 1343 and 2. The indictment also contains a forfeiture provision.

On June 22, 2007, defendant Giannini appeared before this court for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion to dismiss the indictment based on statute of limitations grounds. (Docket #13). The government opposes the motion which will be addressed herein.

## MOTION TO DISMISS

The defendant asserts that the indictment in this case is defective and the prosecution time-barred by the applicable statute of limitations, 18 U.S.C. § 3282. The defendant is

charged with two counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. The defendant asserts that the indictment was not returned within five years of his last overt act, namely the submission of a request for continuation of disability benefits form in February 2002. Since the indictment was returned on May 7, 2007,[1] more than five years after this overt act, the defendant maintains that the prosecution is time barred.

In opposing the motion, the government points out that the defendant is charged with wire fraud, not conspiracy and that the crime of wire fraud is complete not when the last overt act occurs, but rather when the wiring in furtherance of the wire fraud scheme occurs. The government states that the wire transfers charged in the indictment -- the May 9, 2002, (Count One) and the June 9, 2002 (Count Two) disability payment wire transfers – both occurred within five years of the return of the indictment.

Title 18, United States Code, Section 3282(a) provides in relevant part: "no person shall be prosecuted . . . for any offense, not capital, unless the indictment is found or . . . is instituted within five years next after such offense shall have been committed." "(S)tatutes of limitations normally begin to run when the crime is completed." Toussie v. United States, 397 U.S. 112, 115 (1970) (citations omitted).

A defendant commits wire fraud if he: 1) participates in a scheme to defraud; 2) intends to defraud; and 3) causes a wire transmission in furtherance of the fraudulent scheme. United States v. Ratliff-White, 493 F.3d 812, *9 (7th Cir. 2007); see also, 18 U.S.C. § 1343. "A defendant can 'cause' a wire transmission without personally sending a transmission." Id.; Am. Auto. Accessories, Inc. v. Fishman, 175 F.3d 534, 542 (7th Cir. 1999). Thus, a person

---

[1] According to the court docket, the indictment was returned on May 8, 2007.

- 2 -

"'causes' a wire transmission by acting with the knowledge that use of the wires will occur in the ordinary course of business or where use of the wires can be reasonably foreseen." Ratliff-White, 493 F.3d at *9-10. With respect to a person who causes a wiring to be transmitted, in United States v. Taros, 310 F.3d 999, 1007, n. 4 (7th Cir. 2002), the court stated: "The government need only show that the defendant acted with knowledge that the use of the wires . . . could be reasonably foreseen or would follow in the ordinary course of business."

The statute of limitations issue was addressed by the court in United States v. Eckhardt, 843 F.2d 989 (7th Cir. 1988). The court stated that "it is well settled that the statute of limitations for wire fraud and mail fraud does not begin running with the completion of the fraud scheme; rather, it runs from the date of the charged call or mailing in furtherance of the scheme." Id. at 993. (citations omitted). "It is therefore irrelevant when the fraud scheme itself ended, so long as the charged [wiring] or mailing took place within the statutory period." Id.

Here, the indictment alleges that the defendant, for the purpose of carrying out his scheme to defraud his disability insurance issuer, Northwestern Mutual Life Insurance Company (NML), caused NML to continue to make monthly disability payments to him via electronic funds transfers to his bank account in New York. The wirings charged in the indictment occurred on May 9, 2002, and again on June 9, 2002. The indictment was returned on May 8, 2007, within the five year limitations period. Therefore, the indictment is not time barred. Accordingly this court will recommend that the United States district judge enter an order denying the defendant's motion to dismiss the indictment pursuant to 18 U.S.C. § 3282. (Docket #13).

## **CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Giannini's motion to dismiss the indictment on statute of limitations grounds. (Docket #13).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2007.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge